UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) Bench Trial

## I.   INTRODUCTION

On December 9, 2010, plaintiff A & K Medical Supplies ("A&K"), a provider of durable medical equipment ("DME"), filed the instant action against Kathleen Sebelius, in her official capacity as Secretary of the Department of Health and Human Services ("defendant" or the "Secretary"). A&K seeks judicial review of a decision by the Secretary, through the Medicare Appeals Council ("MAC"), to dismiss A&K's request for review of an unfavorable decision concerning a claim for DME reimbursement.

A&K filed its opening trial brief on November 4, 2011. The Secretary filed her opening trial brief on December 5, 2011.[1] After considering the parties' arguments, the Court finds and concludes as follows.

## II.   STATUTORY AND REGULATORY BACKGROUND

### A.   The Medicare Program

The Medicare Act, established under Title XVIII of the Social Security Act ("the Act"), 42 U.S.C. §§ 1395 et seq., pays for covered medical care provided to eligible aged and disabled persons. The statute consists of four main parts: Part A, which generally authorizes payment for covered inpatient hospital care and related services, 42 U.S.C. §§ 1395c to 1395i-5, 42 C.F.R. Part 409; Part B, which provides supplementary medical insurance for covered medical services, such as doctors' visits, diagnostic

---

[1] The parties stipulated to the Court rendering its decision without a hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

testing, or covered medical supplies, such as durable medical equipment, prosthetics and orthotics, 42 U.S.C. §§ 1395j to 1395w-4, 42 C.F.R. Part 410; Part C, which authorizes beneficiaries to obtain services through HMOs and other "managed care" arrangements, 42 U.S.C. §§ 1395w-21 to 1395w-28, 42 C.F.R. Part 422; and Part D, which will provide prescription drug benefits to beneficiaries. 42 U.S.C. § 1395w-101, et seq. Medicare Part B is at issue here because A&K's request for review bythe MAC involved claims for DME reimbursement. See Administrative Record ("AR"), 47–51

### B.   Medicare Carriers

In administering Medicare Part B, the Center for Medicare and Medicaid Services ("CMS") acts through private fiscal agents called "carriers." 42 U.S.C. § 1395u; 42 C.F.R. Part 421, Subparts A and C, and 42 C.F.R. § 421.5(b). Carriers are private entities who contract with the Secretary to perform a variety of functions, such as making coverage determinations in accordance with the Medicare Act, applicable regulations, the Medicare Part B Supplier Manual, or other agency guidance; determining reimbursement rates and allowable payments; conducting audits of the claims submitted for payment; and rejecting or adjusting payment requests. See 42 U.S.C. § 1395u(b)(3)(B); 42 C.F.R. § 421.200.

### C.   Payment to Medicare Suppliers and Recovery of Overpayments

Medicare processes "hundreds of millions" of claims annually. See Heckler v. Ringer, 466 U.S. 602, 627 (1984). To maximize cash flow to Medicare providers and promote administrative efficiency, carriers typically authorize payment on claims immediately upon receipt of the claims so long as the claims do not contain glaring irregularities. See Maximum Comfort v. Leavitt, 512 F.3d 1081, 1084 (9th Cir. 2007) (finding that, for reasons of administrative efficiency, immediate payments are made to Medicare providers); In re TLC Hospitals, Inc. v. U.S. Dep't of Health & Human Servs., 224 F.3d 1008, 1014 (9th Cir. 2000) (finding that immediate payment to Medicare suppliers is necessary to provide for cash flow). In exercising their regulatory functions, carriers conduct post-payment audits to ensure that payments were made in accordance with applicable Medicare payment criteria. When audited, a Medicare provider seeking payment must provide sufficient evidence to establish the medical reasonableness and necessity of the services billed to Medicare. 42 U.S.C. §§ 1395g(a), 1395l(e), 1395gg; see also, 42 C.F.R. § 411.15(k)(1). 42 U.S.C. § 1395gg and 42 C.F.R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

§ 405.370-78 provide for waiver of recovery of overpayments and other payment adjustments for incorrect payments.

### D. Medicare Coverage of DME

In making coverage decisions, Medicare contractors rely on regulations promulgated by the Department of Health and Human Services, as well as on National Coverage Determinations ("NCDs") made by CMS and Local Coverage Determinations ("LCDs") made by carriers. The Secretary adopts NCDs to exclude certain items and services from coverage on a national level that are not "reasonable and necessary" under the agency's interpretations of the Act. See 42 U.S.C. § 1395ff(1)(B). These determinations are binding on all Medicare contractors nationwide. When no NCD applies to a claim, Medicare contractors must still apply the "reasonable and necessary" limitations in LCDs in determining whether to pay a claim and in what amount.

Part B coverage of DME is limited to items that are "reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." 42 U.S.C. § 1395y(a)(1)(A); 42 C.F.R. § 411.15(k)(1). Although "reasonable and necessary" is not defined in the Act, Congress has vested final authority in the Secretary to determine what items or services are "reasonable and necessary." See 42 U.S.C. § 1395ff(a); Heckler, 466 U.S. at 617. Consistent with this authority, the Secretary has promulgated regulations relating to the "reasonable and necessary" requirement. CMS has also issued NCDs specifying conditions for Medicare coverage of certain items and services. Finally, carriers have also issued LCDs and policy guidance to address local coverage issues. With respect to DME, the scope of services eligible for Medicare payment is extremely limited. A DME supplier is required by 42 U.S.C. § 1395l(e) to furnish information as may be necessary to support payments under Medicare Part B. This means that upon request, DME suppliers must obtain medical documentation and provide it to the carrier in order to demonstrate compliance with the "reasonable and necessary" requirement of the Act.

### E. The Medicare Appeals Process

If a Medicare supplier disagrees with a carrier's post-payment audit, the supplier must present a claim through the designated administrative appeals process and exhaust available administrative remedies. 42 U.S.C. § 1395u(b)(3)(C); 42 U.S.C. § 1395ff(b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

(incorporating by reference 42 U.S.C. § 405(b)); see also, 42 C.F.R. § 405.801 et seq. (describing the administrative appeals process for Part B). Once this administrative process is exhausted, judicial review of the Secretary's "final decision" is available as provided in 42 U.S.C. § 405(g) (incorporated by reference in 42 U.S.C. § 1395ff(b)(1)(A)).

### III.     FACTUAL AND PROCEDURAL BACKGROUND

A&K is a supplier of durable medical equipment such as wheelchairs, strollers, and crutches. It provides this equipment to Medicare beneficiaries upon prescriptions from licensed medical practitioners. See A.R. at 48. It submitted to Noridian Administrative Services ("Noridian"), a Medicare carrier, claims for DME provided to 34 Medicare beneficiaries for services rendered between October 24, 2005 and October 7, 2006. Id. Noridian initially paid these claims in full. Id. After completing a post-payment audit, however, Noridian determined that there was an overpayment on these claims. Id. Noridian sent a notice of overpayment to A&K on May 26, 2008. A.R. at 487–516.

A&K requested a reconsideration of the overpayment findings. A.R. at 411–54. In response, Noridian issued redetermination decisions adverse to A&K on each of the 34 claims. A.R. at 167–409. A&K then submitted a request for reconsideration to River Trust Solutions, a DME Qualified Independent Contractor ("QIC"). A.R. at 114–19. The QIC affirmed Noridian's decisions. Id.

On October 20, 2009, the Office of Medicare Hearings and Appeals ("OMHA") received A&K's request for a hearing before an Administrative Law Judge ("ALJ"), contesting the QIC's decision. A.R. at 112. The ALJ conducted a hearing; and in a decision issued on April 9, 2010, determined that Medicare would not cover the items, that the overpayment was properly issued, and that A&K was liable for the overpayment. A.R. at 47–60. In so finding, the ALJ relied on signed declarations from each of the doctors listed as dispensing physicians on the DME prescriptions stating that they had not written or authorized the prescriptions, as well as on A&K's failure to present valid medical documentation supporting the beneficiaries' need for the DME at issue. A.R. at 57, 59.

The MAC received a request for review of the ALJ's decision on June 25, 2010. A.R. at 23. On October 6, 2010, the MAC dismissed this request as untimely and noted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

there was not good cause to extend the time for filing. A.R. at 18–20. On October 19, 2010, the MAC received a letter from A&K requesting that it vacate its dismissal on the basis that A&K had good cause for the untimely filing. A.R. at 10. The MAC responded that it had denied A&K's request for review because A&K had failed to offer any explanation for the delay. A.R. at 8. A&K then submitted another letter to the MAC, requesting a telephonic hearing regarding its request to vacate the dismissal of its claim. A.R. at 3. The MAC denied A&K's request for an oral hearing and restated that its October 6, 2010 dismissal was binding and not subject to further review. A.R. at 1–2 (citing 42 C.F.R. § 405.1116). A&K now seeks review of the MAC's decision, asking the Court to overrule the dismissal and remand the matter to the MAC for a decision on the merits.

## IV.   LEGAL STANDARD

The Social Security Act expressly limits judicial review of agency actions to situations in which a party has obtained a "final decision" from the agency. See 42 U.S.C. § 405(g); 42 U.S.C. § 1395ff(b)(1)(A) (incorporating § 405(g) by reference and applying it to Medicare claims).

On review, the Secretary's findings "as to any fact, if supported by substantial evidence, shall be conclusive . . . " See 42 U.S.C. § 405(g). The Court must affirm the findings of the Secretary "if they are supported by 'substantial evidence' and if the proper legal standards were applied." Mayes v. Masanari, 276 F.3d 453, 458–59 (9th Cir. 2001). "'Substantial evidence' is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 459 (internal quotation and citation omitted). In applying the substantial evidence standard, "a reviewing court may not substitute its own judgment for that of the agency." Memorial, Inc. v. Harris, 655 F.2d 905, 912 (9th Cir. 1980) (citing Citizens to Improve Overton Park v. Volpe, 401 U.S. 402, 416 (1971)). "Substantial evidence exists if there is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' A finding supported by substantial evidence must be affirmed by a reviewing court even if it is possible to draw two inconsistent conclusions from the evidence." Id. (quoting Consolo v. Federal Mar. Comm'n, 383 U.S. 607, 620 (1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

     Under the Administrative Procedure Act, the reviewing court must affirm the agency's determination unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "A decision is arbitrary and capricious if the agency 'has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" Motor Vehicle Mfr.'s Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).

## V. DISCUSSION

     A&K argues that its request for review was timely. Pl. Opening Brf. at 3. In support of this argument, A&K points to 42 C.F.R. 405.1102(a)(1) which states that "[a] party to [an] ALJ hearing may request a MAC review if the party files a written request for a MAC review within 60 calendar days after receipt of the ALJ's decision or dismissal." A&K asserts that even though the ALJ rendered his decision on April 9, 2010, A&K did not receive the decision until April 29, 2010.[2] Therefore, A&K maintains that it had until June 28, 2010 to file its request for review, and consequently that its June 25, 2010 request was timely.

     The Secretary argues that the MAC's dismissal of A&K's request for review is not a "final decision" and thus is not subject to judicial review. Def. Opening Brf. at 8–9. Even if the MAC's dismissal is a "final decision," the Secretary argues that it should be upheld because it was not arbitrary and capricious. Id. at 9–12.

---

     [2] 42 C.F.R. 405.1102(a)(b) states that "[f]or purposes of this section, the date of receipt of the ALJ's decision or dismissal is presumed to be 5 calendar days after the date of the notice of decision or dismissal, unless there is evidence to the contrary." Because the ALJ rendered his decision on April 9, 2010, A&K would ordinarily be presumed to have received it no later than April 14, 2010. However, A&K asserts that actually received the decision by facsimile on April 29, 2010. A&K also asserts that it sent a letter to the ALJ "explaining the situation" and "stating that it would require the full 60 days to file the Request for Review."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

The Court agrees with the Secretary that the MAC's dismissal of A&K's request for review is not a "final decision" over which the Court would have jurisdiction. The Ninth Circuit has held that agency decisions "to refrain from petitions for review are not final decisions subject to review in federal court." Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir. 1990) (affirming district court's dismissal of action where the plaintiff sought review of an agency decision refusing to consider an untimely petition for review).[3] The Ninth Circuit explained that a "'final decision' refers to a final decision on the merits," and that a decision whether or not to allow an untimely request for review is not a decision on the merits, but rather a discretionary decision. Id. at 494; see also Bacon v. Sullivan, 969 F.2d 1517 (3d Cir. 1992); Harper v. Sec'y of Health & Human Servs., 978 F.2d 260, 262 (6th Cir. 1992); Harper v. Bowen, 813 F.2d 737, 742 (5th Cir. 1987); Adams v. Heckler, 799 F.2d 131, 133 (4th Cir. 1986).

As in Matlock, A&K requests that the Court overrule an agency's dismissal of a request for decision based on timeliness. Just as in Matlock, this attempt necessarily fails because the MAC's decision was not a final decision on the merits, and therefore is not subject to judicial review.

Even if the MAC's dismissal of A&K's request were a "final decision," the Court would nevertheless affirm the MAC's dismissal because this decision was not arbitrary or capricious. The applicable regulations require that a request for review must be filed within 60 days from the date notice of the ALJ's decision was received. 42 C.F.R. § 405.1102(a). The date of receipt of the notice is presumed to be five days after the date of such notice unless a reasonable showing to the contrary is made. Id. The regulations also provide that the MAC will dismiss a request for review when the provider DME provider fails to file a request within the stated period of time and the MAC has not extended the time period for filing. 42 C.F.R. § 405.1114. The time period will be extended if good cause is shown. 42 C.F.R. § 405.1102(b). A&K's request for review

---

[3] Although Matlock is a social security case, it applies here because the Medicare Act applies 42 U.S.C. § 405(g), the provision of the Social Security Act related to judicial review. See Heckler, 466 U.S. at 605 ("Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a 'final decision' on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) for old age and disability claims arising under Title II of the Social Security Act.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9453 CAS (AJWx) | Date | May 1, 2012 |
|---|---|---|---|
| Title | A & K MEDICAL SUPPLIES v. KATHLEEN SEBELIUS. | | |

did not offer any explanation for its late filing. Rather, it was not until the MAC denied the request did A&K advise the MAC that it did not receive the ALJ decision until April 29, 2010, and that it believed it had until June 28, 2010 to file the request for review.[4] The MAC's decision to dismiss the request for review as untimely was therefore reasonable, consistent with the applicable regulations, and not arbitrary or capricious. Applying the substantial deference standard, the Court therefore upholds the MAC's decision.

## VI. CONCLUSION

In accordance with the foregoing, the Court finds for the Secretary. The Court directs the Secretary to submit within **ten (10)** days proposed findings of fact and conclusions of law that are consistent with this order. The Secretary is further directed to submit a courtesy copy to the Court.

IT IS SO ORDERED.

00:00
CMJ

---

[4] Although A&K asserts that it sent a letter to the ALJ hearing office stating that it "considered [its] deadline to file for review by the Medicare Appeals Council to be 60 days from [April 29, 2010," A&K does not explain why: (1) it did not address this issue at all in its request for review by the MAC; or (2) why it wrote to the ALJ's hearing office, but not the MAC, the body that would be considering its request.