JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| A & K MEDICAL SUPPLIES,<br><br>   Plaintiff,<br><br> vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; KATHLEEN SEBELIUS, in her official capacity as Secretary,<br><br>   Defendant. | Case No: CV 10-9453 CAS (AJWx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

**FINDINGS OF FACT**

1. A & K Medical Supplies ("A&K") provides durable medical equipment ("DME") to Medicare beneficiaries. (A.R. at 48.)

2. A&K submitted to Medicare carrier, Noridian Administrative Services ("Noridian"), claims for DME that were provided to 34 Medicare beneficiaries between October 24, 2005 and October 7, 2006. *Id.*

3. Noridian initially paid these claims in full but later determined that there was an overpayment. *Id.*

4. In response to A&K's request for reconsideration, Noridian issued redetermination decisions adverse to A&K on all 34 claims. (A.R. at 167-409.)

5. A&K submitted a request for reconsideration to River Trust Solutions, a DME Qualified Independent Contractor ("QIC"). (A.R. at 114-19.)

6. The QIC affirmed Noridian's decisions. *Id.*

7. On October 20, 2009, A&K submitted a request for hearing before an Administrative Law Judge ("ALJ"), contesting the QIC's decision. (A.R. at 112.)

8. After conducting a hearing, the ALJ issued a decision on April 9, 2010, finding that Medicare would not cover the services rendered, that the overpayment was properly issued, and that A&K was liable for the overpayment. (A.R. at 47-60.)

9. On June 25, 2010, the Medicare Appeals Council ("MAC") received from A&K a request for review of the ALJ's decision. (A.R. at 23.)

10. On October 7, 2010, the MAC dismissed this request as untimely, pursuant to 42 C.F.R. § 405.1102, and found there was not good cause to extend the time for filing. (A.R. at 18-20.)

11. On October 19, 2010, the MAC received a letter from A&K requesting that it vacate its dismissal on the basis that A&K had good cause for the untimely filing. (A.R. at 10.)

12. The MAC responded that it had denied A&K's request for review because A&K had failed to offer any explanation for the delay. (A.R. at 8.)

13. A&K then submitted another letter to the MAC, requesting a telephonic hearing regarding its request to vacate dismissal of its claim. (A.R. at 3.)

14. The MAC denied A&K's request for an oral hearing and stated again that its dismissal was binding and not subject to further review. (A.R. at 1-2.)

15. Any finding of fact deemed to be a conclusion of law is hereby incorporated into the Conclusions of Law.

16. Any conclusion of law deemed to be a finding of fact is hereby incorporated into the Findings of Fact.

## CONCLUSIONS OF LAW

1. The MAC's dismissal of A&K's request for review is not a "final decision" over which the Court would have jurisdiction.

2. The Social Security Act expressly limits judicial review of agency actions to situations in which a party has obtained a "final decision" from the agency. *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1395ff(b)(1)(A) (incorporating § 405(g) by reference and applying it to Medicare claims).

3. The Ninth Circuit has held that agency decisions "to refrain from petitions for review are not final decisions subject to review in federal court." *Matlock v. Sullivan*, 908 F.2d 492-93 (9th Cir. 1990).

4. A "final decision" refers to "a final decision on the merits," and a decision whether or not to allow an untimely request for review is not a decision on the merits, but rather a discretionary opinion. *Id.* at 494.

5. Even if the MAC's dismissal of A&K's request was a "final decision," that decision was supported by substantial evidence and not arbitrary or capricious.

6. On review, the Secretary's findings "as to any fact, if supported by substantial evidence, shall be conclusive…" 42 U.S.C. § 405(g); *Mayes v. Masanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

7. "'Substantial evidence' is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Mayes,* 276 F.3d at 459.

8. "A finding supported by substantial evidence must be affirmed by a reviewing court even if it is possible to draw two inconsistent conclusions from the evidence." *Id.*

9. Under the Administrative Procedure Act, the reviewing court must affirm the agency's determination unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

10. "A decision is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfr.'s Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983).

11. Here, the applicable regulations require that a request for review must be filed within 60 days from the date notice of the ALJ's decision was received. 42 C.F.R. § 405.1102(a).

12. The date of receipt of the ALJ's decision or dismissal is presumed to be five calendar days after the date of the notice of decision or dismissal, unless there is evidence to the contrary. *Id.*

13. Moreover, the regulations provide that the MAC will dismiss a request for review when the provider fails to file a timely request for review and the MAC has not extended the time for filing. 42 C.F.R. § 405.1114.

14. The time for filing will be extended if good cause is shown. 42 C.F.R. § 405.1102(b).

15. The MAC's dismissal of A&K's request for review and decision not to extend the time for filing was reasonable, consistent with the applicable regulations, and not arbitrary or capricious.

16. Accordingly, the Court affirms the MAC's decision and dismisses this

1  action.

2      17.  Any finding of fact deemed to be a conclusion of law is hereby incorporated into the Conclusions of Law.

4      18.  Any conclusion of law deemed to be a finding of fact is hereby incorporated into the Findings of Fact.

Dated: May 17, 2012

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

– 5 –